CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

HUMBERTO ENRIQUE XON,               )
                                    )
        Petitioner,                 )    Case No. 7:26-cv-00518
                                    )
v.                                  )    **ORDER**
                                    )
CHRISTOPHER HAYES, in his official capacity )   By:    Hon. Thomas T. Cullen
as Superintendent Western Virginia Regional Jail, )   United States District Judge
*et al.*,                           )
                                    )
        Respondents.                )

On June 29, 2026, Petitioner Humberto Enrique Xon filed a petition for a writ of habeas corpus against Respondents Christopher Hayes (in his official capacity as Superintendent of the Western Virginia Regional Jail), Russell Hott (in his official capacity as the Director of the Washington Field Office, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO")), Markwayne Mullin (in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS")), Joseph Simon (in his official capacity as the Deputy Field Office Director of the Washington Field Office, ICE, ERO), and Todd Lyons (in his official capacity as Senior Official Performing the Duties of the Director of ICE) ("the Petition"). (ECF No. 1.) On June 30, 2026, the court restrained and enjoined the Respondents from removing Petitioner from the Western District of Virginia, pending the resolution of the Petition. (*See* Order, June 30, 2026 ("Order") [ECF No. 2].)

This matter is before the court on Respondent Hayes's motion to dismiss the Petition against him. (Hayes Mot. Dismiss ("Hayes Mot.") at 1 [ECF No. 8] (citing Fed. R. Civ. P.

12(b)(1)).) He argues that, "at the time [he] received notice of the [P]etition" and the court's Order, the Western Virginia Regional Jail did not have custody of Petitioner. (*Id.*) Accordingly, he contends the Petition, insofar as it seeks release from the facility Hayes oversees and in which Petitioner is no longer located, is moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to only "cases" or "controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

In habeas corpus proceedings, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). Therefore, "[i]n the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance." *Gross v. Unknown*, No. 7:22CV00688, 2023 WL 3026734, at *1 (W.D. Va. Apr. 20, 2023) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2007)); *see also Miller v. Sabol*, No. JKB-11-1587, 2011 WL 6019433, at *2 (D. Md. Nov. 29, 2011) (dismissing habeas petition as moot against jail warden because petitioner was already released from custody, and petitioner did not allege any ongoing injuries arising from his detention); *Davis v. United States*, No. 7:24-cv-00764, 2026 WL 1008162, at *2 (W.D. Va. Apr. 14, 2026).

Insofar as Xon seeks relief from Hayes, his Petition is moot. According to Hayes's declaration, on June 28, 2026, Xon was placed in custody at the Western Virginia Regional Jail, which has a contract with ICE to hold detained individuals for 48 to 72 hours. (Hayes Mot. At 1, Attach. 1 ¶¶ 3–4.) At 3:55 P.M. on June 30, he was released from the Jail when ICE took him into custody and transferred him to another facility.[1] (*Id.* ¶ 5.) Hayes affirmed that he did not receive or read the court's Order until 3:57 P.M. that same day—a mere two minutes after Xon was released.[2] (*Id.* ¶ 6.) Therefore, the court can no longer award the specific relief that Xon seeks—release from detention[3]—against Hayes, because Xon is no longer in Hayes's custody at the Western Virginia Regional Jail. *See Miller*, 2011 WL 6019433, at *2. Additionally, Hayes is not an agent with DHS or ICE who can effectuate Xon's release from federal custody.

For the reasons set forth above, Hayes's motion to dismiss the Petition is hereby **GRANTED**.[4] The Petition, however, remains in effect against the remaining Respondents.[5]

---

[1] As of July 10, 2026, Xon was being housed at the Caroline Detention Facility, which is located in the Eastern District of Virginia. (*See* Gov't Response, Attach. 2 ¶ 31 [ECF No. 10].)

[2] The court recognizes that this remarkable timing might raise some eyebrows (and it did the court's), but the court confirmed with its internal records that the Petition—and the court's Order—were not emailed to the facility until 3:57 P.M. The court has no way to confirm that Xon was released two minutes earlier, but it also has no basis to call that representation into question, especially since it was presented to the court as sworn testimony.

[3] Xon does not allege any collateral consequences in his Petition.

[4] The dismissal, however, is without prejudice. If Xon returns to Hayes's custody at the Western Virginia Regional Jail and if it is otherwise proper to reinstitute this action against Hayes, Xon may seek leave to do so.

[5] Hayes's dismissal from this action does not strip the court of jurisdiction over this action with respect to the remaining federal Respondents, who have also acknowledged that venue is still proper within this court. *See Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d. Cir 2021) ("[T]he government's post-filing transfer of a § 2241 petitioner out of the court's territorial jurisdiction does not strip the court of jurisdiction over the petition.") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004))); 28 U.S.C. § 2241(d). (*See also* Gov't Response at 7.)

The Clerk is directed to forward a copy of this Order to the parties and terminate

Respondent Hayes as a party in this action.

**ENTERED** this 20th day of July, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE